[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant's motion for Modification. (108)
Defendant's motion for Contempt. (109)
Defendant's motion for Return of Personal Property. (110)
And Plaintiff's motion for Contempt. (111)
 I.
The parties' marriage was dissolved by judgment entered November 23, 1988 at which time the parties signed a writing agreeing to;
 "_ _ equally divide college educational expenses of the minor children beyond the age of 18 years and that parties' real property will or may not be sold until after the 18th birthday of the parties youngest (sic) child."
The judgment referred to a written agreement relevant to the order in the judgment which stated;
 "And that the parties shall evenly divide their children's educational expenses, including tuition, uniforms, books, supplies and related expenses through college. The parties have this date entered into a written agreement relevant to same."
This agreement and court order were done to comply with C.G.S. Section.
At the time of entry of judgment the parties had two minor children, Jason E. born November 9, 1971 and Nathan E. born March CT Page 8304 25, 1976.
The hearing on the present motion was held on July 24, 1991. At that time the older boy had graduated from high school and was not attending college.
The defendant is claiming reimbursement from the plaintiff for educational expenses including $1,938.- for purchase of an encyclopedia, all of which expenses the defendant summarized in Defendant's Exhibit #1. The defendant's decision to purchase the encyclopedia was reached without the knowledge of the plaintiff. The court finds that such expenditure to be beyond the parties' agreement and beyond the order of the court. The court also finds that the defendant's claim for $50 of raffle tickets to be beyond the agreement and the court. The items of clothing purchased with ck# 384 for $222.96 is not allowed. There was no proof that it was directly connected with school. The $33, paid to Dr. Shaban and the $21 paid to the lab are likewise disallowed as not being shown to be connected with school.
The total disallowed is $2,264.96 which is deducted from the total shown on Defendant Exhibit #1 of $8982.86. The net amount allowed is $6,717.90 one-half of which is $3,358.45. The parties agreed that the plaintiff had payments and credits of $1,000. to be deducted leaving a balance still due from plaintiff to defendant of $2,358.45.
The court allowed the extra curricular sports expenses since such activities are sponsored by the school.
The payment of the plaintiff's obligation is addressed infra.
The court finds no contempt of the judgment's order by plaintiff for defendant failed to keep her advised of the running account. On one occasion, in order to obtain tuition information, she called the school. The court does find that, as of July 24, 1991, the plaintiff is indebted to the defendant in the amount of $2,358.45 for educational expenses.
 II.
The judgment provided for joint custody of the minor children with physical custody being vested in the plaintiff. The younger child went to live with his father in 1989 and has remained with father. The defendant now seeks an order of child support from the court ordering the plaintiff to pay a reasonable weekly amount. The plaintiff's affidavit states $360.65 net weekly was after a credit union deduction of $80. for an auto loan. The court finds that the disposable net income is $440.65. The defendant's affidavit lists total net weekly income of $722. CT Page 8305 After applying the Child Support Guidelines the court finds that the plaintiff should pay weekly child support of $109. The order is secured by a wage withholding order per Sec. 52-362, C.G.S. The order is effective as of July 24, 1991 and the plaintiff shall pay $10.- weekly on the accumulated arrears.
 III.
The judgment provides that;
 "upon the sale of the residence, the parties shall divide said furniture and furnishings to their mutual satisfaction.
The parties have been unable to come to a division that is to "their mutual satisfaction." By motion dated March 22, 1991, the defendant seeks to have the plaintiff return to the home certain items as set out in his motion docketed as (110). By motion dated May 21, 1991 the plaintiff also seeks to have items returned from defendant's exclusive possession for division, or their equivalent in kind, or cash value in lieu thereof.
All of the items in dispute are held to be marital property. In order to make an appropriate order dividing the tangible personal property, the court orders each party to prepare an itemized list; the plaintiff to identify what disputed items are in her possession and, if not in her possession, a description of its disposal by her and the defendant is to prepare an itemized list of all disputed items, including all of the duck stamps and duck prints, in his possession in sufficient detail to allow the plaintiff to research their value, or a description of the disposal by him of any items no longer in his possession. These lists are to be sworn to under penalty of perjury and exchanged within two weeks. If no resolution is reached between the parties as contemplated by the judgment, the court will conduct a hearing which is scheduled for Tuesday, December 3, 1991 at 10:00 a.m. before the undersigned.
Until the personal property dispute is resolved, either by agreement or court order, the plaintiff's obligation to pay education expenses and child support is also stayed.
HARRIGAN, J.